IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LINDA D. MAYBERRY**                                                                 **PLAINTIFF**

vs.                                       Civil No. 6:20-cv-06014

**ANDREW SAUL,**                                                                       **DEFENDANT**
**Commissioner, Social Security Administration**

**MEMORANDUM OPINION**

Plaintiff, Linda D. Mayberry, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed applications for DIB and SSI on September 3, 2017, and March 20, 2018, respectively.  (Tr. 10)[1].  In her applications, Plaintiff alleged being disabled due to diabetes and neuropathy with an alleged onset date of January 4, 2010.  (Tr. 10, 151).  Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 10).  Plaintiff requested an

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

administrative hearing, and that administrative hearing was held on November 6, 2018. (Tr. 24-45). At this hearing, Plaintiff was present and represented by counsel, Sherri McDonough. *Id*. Plaintiff and a Vocational Expert ("VE") testified at the hearing. *Id*. At the hearing, Plaintiff amended her onset date to September 3, 2017, and voluntarily withdrew her request for hearing as it pertains to her DIB application for a period of disability and disability benefits. (Tr. 10, 27-29).

Following the administrative hearing, on March 11, 2019, the ALJ entered an unfavorable decision. (Tr. 7-19). The ALJ found Plaintiff had not engaged in substantial gainful activity since her amended onset date of September 3, 2017. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the severe impairments of: diabetes mellitus II with peripheral neuropathy, peripheral vascular disease and hypertension. (Tr. 12-14, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ determined that Plaintiff retained the RFC to perform the full range of light work as defined in 20 CFR 416.967(b). *Id*.

With the help of the VE, the ALJ found Plaintiff would be able to perform any of her Past Relevant Work ("PRW") of machine operator-plastics blow molding. (Tr. 18, Finding 6). Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from September 3, 2017, through the date of his decision. (Tr. 18, Finding 7).

On December 27, 2019, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-5).  On September 5, 2019, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 15, 16.  This case is now ready for decision.

**2.**     **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

Plaintiff brings two points on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record regarding Plaintiff's neuropathy and deep vein thrombosis; and 2) whether the ALJ erred in his evaluation of Plaintiff's subjective complaints.  ECF No. 15.  The Commissioner argues the ALJ's opinion was supported by substantial evidence, and the ALJ properly evaluated Plaintiff's subjective complaints associated with her neuropathy.  ECF No. 16.

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC."  *Id*.

In making his RFC determination, the ALJ gave little weight to the opinions offered by the state agency medical consultants.  (Tr. 1382).  The ALJ gave good reasons for affording little

weight to these opinions. However, The ALJ did not specifically consider any other opinion evidence. (*Id*.). The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). Further evidence regarding Plaintiff's ability to use both her hands and her feet is necessary for the full and fair development of this record. The Court finds the ALJ's RFC determination is not supported by substantial evidence and requires remand to further develop the record and further consider Plaintiff's maximum RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Alternatively, the ALJ may order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

1. **Conclusion**:

   Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

   **ENTERED this 30th day of October 2020**.

   /s/ *Barry A. Bryant*
   HON. BARRY A. BRYANT
   U.S. MAGISTRATE JUDGE